Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission modifies and adopts the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in the Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer at all relevant times.
3. Plaintiff suffered a compensable injury to his back on 3 October 1995.
4. A Form 21 was executed and approved by the North Carolina Industrial Commission awarding temporary total disability from 3 October 1995, through 1 April 1996. Plaintiffs average weekly wage was $580.00, yielding a compensation rate of $386.69.
5. A Form 26 was executed and approved by the North Carolina Industrial Commission under which plaintiff was paid permanent partial disability from 1 April 1996, for sixty weeks. A lump sum payment was made to the plaintiff on 16 November 1996.
6. Plaintiff returned to work for defendant-employer on 1 April 1996, and worked until 18 July 1996, when he was laid off.
7. Plaintiff received unemployment benefits for twenty-six weeks after his lay-off in the amount of $297.00 per week.
8. Records relating to plaintiffs workers compensation claim in Virginia which occurred on 29 March 1989, were stipulated into evidence as Stipulated Exhibit #1.
9. Records relating to plaintiffs compensable injury in Virginia on 24 November 1989, were stipulated into evidence as Stipulated Exhibit #2.
10. Plaintiffs functional capacity evaluation was stipulated into evidence as Stipulated Exhibit #3.
11. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit #4.
12. Documentation relating to plaintiffs Social Security application was stipulated into evidence as Stipulated Exhibit #5.
13. A videotape prepared by Investigative Associates Consultants concerning plaintiff was stipulated into evidence as Stipulated Exhibit #6.
 *********** EVIDENTIARY RULINGS
The objections raised in the depositions of Ramon R. Erasmo, M.D., Robert W. Wilkins, M.D., Mark W. Ray, M.D. and Raymond A. Wilson are OVERRULLED.
 ***********
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 3 October 1995, plaintiff sustained a compensable injury by accident when he began lifting electrical conduit in order to put the conduit on the ceiling. Plaintiff felt pain in his back after he had lifted the electrical conduit. This pain was very sharp and worsened as the day continued.
2. Defendant-employer accepted this accident as a compensable injury and plaintiff was paid compensation pursuant to a Form 21 and a Form 26.
3. Plaintiff initially presented to Dr. Ramon R. Erasmo. Dr. Erasmo had performed surgeries on plaintiffs back relating to injuries incurred while working for another employer in March and November 1989, and for which plaintiff received no disability rating. However, Dr. Erasmo was not on the approved list of physicians under plaintiffs wives group health insurance, so plaintiff subsequently presented to Dr. Mark W. Roy.
4. Dr. Roy treated plaintiff for his compensable back injury in 1995, and performed a diskectomy at L5-S1, which was a repeat of prior surgery performed by Dr. Erasmo. Dr. Roy gave plaintiff a 20% permanent partial disability rating to his back, and restricted lifting to no more than 75 pounds. This rating was paid pursuant to a Form 26 agreement.
5. Plaintiff returned to work for defendant-employer on 1 April 1996, and worked until 18 July 1996, when he was laid off due to a work shortage.
6. Plaintiff received unemployment benefits for twenty-six weeks following his lay-off in the amount of $297.00 per week from 18 July 1996, until 18 January 1997.
7. Plaintiff attempted to find work after being laid off by defendant-employer, but was unable to find companies that were willing to hire him at that time. During this period plaintiff spent time working in his own shop and on his car, but did not perform tasks outside of his restrictions.
8. On 4 January 1997, plaintiff was repairing a water leak in his car when he felt back pain in the same area affected by his 1995 work-related injury. Plaintiff was not performing any tasks outside of his mandated restrictions. Plaintiffs wife arranged for an appointment with Dr. Roy for 13 January 1997.
9. Dr. Roy determined plaintiff had the same problem that had given rise to the compensable injury in 1995. Dr. Roy indicated it was necessary to redo the diskectomy that he had previously done. This diskectomy was performed on 28 January 1997, to correct a recurrent disc at the L5-S1.
10. Dr. Roy determined that plaintiffs physical condition had deteriorated and that his 4 January 1997 injury was related to his compensable injury of 3 October 1995.
11. On 13 August 1997, Dr. Roy determined plaintiff was at maximum medical improvement and had sustained a 30% permanent partial disability to his back. The PPD rating indicates an additional 10% to the 20% that had previously been awarded in this case. Dr. Roy admitted that he added ratings for previous surgeries together, thereby failing to follow the rating guidelines procedure. Dr. Roy testified that plaintiff is limited to sedentary work as a result of his back problems.
12. Plaintiff presented to Dr. Robert W. Elkins on 1 June 1998, for an independent medical evaluation. Dr. Elkins determined plaintiff could do light to sedentary work and he gave plaintiff a 15% permanent partial disability rating to his whole back.
13. Plaintiff testified that he could perform building and repairing tasks in his shop for profit. He also stated that he could obtain work with the company that employs his brother, or return to work as an electrician.
14. Plaintiffs injury of 4 January 1997 was directly related to his compensable injury of 3 October 1995, and resulted in a substantial change of physical condition affecting his capacity to earn wages.
15. Plaintiffs change of condition occurred within two years after the date of the last payment of compensation for his 20% permanent partial disability to his back.
16. Defendants defense of this claim was reasonable.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 3 October 1995, plaintiff sustained a compensable injury to his back arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. 97-2(6).
2. On 4 January 1997, plaintiff sustained a change in condition relating to his compensable injury of 3 October 1995. N.C. Gen. Stat. 97-47.
3. As a result of his change of condition on 4 January 1997, plaintiff is entitled to temporary total disability from 4 January 1997, through 13 August 1997 when he reached maximum medical improvement. N.C. Gen. Stat. 97-29.
4. Plaintiff is entitled to payment by defendants for all medical treatment related to plaintiffs change of condition. N.C. Gen. Stat. 97-25.1.
5. Defendants are entitled to a credit for the unemployment compensation that was paid from 4 January 1997, through 18 January 1997. N.C. Gen. Stat. 97-42.
6. As a result of his change of condition on 4 January 1997, plaintiff is entitled to an additional 8% permanent partial disability compensation to his back. N.C. Gen. Stat. 97-31.
7. Plaintiff is not entitled to attorneys fees because defendants have not defended this action without merit. N.C. Gen. Stat. 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For his temporary total disability, plaintiff is entitled to temporary total disability compensation from 4 January 1997, through 13 August 1997; however, defendants are entitled to a credit for the unemployment compensation that was paid from 4 January 1997, through 18 January 1997. The amount due plaintiff under this paragraph shall be paid in lump sum, subject to an attorney fee approved in paragraph four.
2. For his additional 8% permanent partial disability to his back, plaintiff is entitled to 24 weeks of compensation. Said amount shall be paid in a lump sum and subject to an attorney fee approved in paragraph four.
3. Defendants shall pay all medical expenses resulting from plaintiffs change of condition on 4 January 1997.
4. A reasonable attorney fee of 25% of the compensation due plaintiff under paragraphs one and two of this AWARD is approved for plaintiffs counsel and shall be paid as follows: 25% of the lump sum due plaintiff in paragraphs one and two of this AWARD may be deducted from that sum and paid directly to plaintiffs counsel.
5. Defendants shall pay the costs.
This the ___ day of March, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/______________ RENE C. RIGGSBEE COMMISSIONER
BSB:jbd